STATE OF NORTH DAKOTA ON THE RELATION OF J.
     DINGER, Respondent, v. WYNDMERE SCHOOL DISTRICT
     OF RICHLAND COUNTY, NORTH DAKOTA, a Municipal
     Corporation, and Wm. Mundell, Jentz Quam, and Frank Blodgit,
     Constituting the School Board of Said Wyndmere School Dis-
     trict, Appellants.

(215 N. W. 267.)

**Schools and school districts — statutes regulating school elections are
     mandatory before election — directory thereafter.**

1. Following the case of State ex rel. Laird v. Hall, 49 N. D. 11; State ex
rel. Little v. Langlie, 5 N. D. 594, and Greenfield School Dist. v. Hannaford
Special School Dist. 20 N. D. 395, it is held, that all the provisions of law
relating to the petitioning of a board of directors of a school district to call
an election for the purpose of voting upon the location of a schoolhouse
site, and the building of a schoolhouse thereon, are mandatory if enforcement
is sought before election in a proceeding for that purpose; but after election
such proceedings are directory only.

**Schools and school districts — mandamus lies to compel building of school-
     house on site chosen at election.**

2. Where a district school board, acting on a petition received and filed, calls
an election of the electors of a school district to vote upon the location of a
schoolhouse site and the building of a schoolhouse thereon, and the electors at
said election vote for a schoolhouse site, and the building of a schoolhouse
thereon, it is presumed that the school board performed its duty, and exercised
its discretion in passing upon the sufficiency of the petition, and calling an
election thereon, and the electors voting at said election acquiesced in such
presumption, and on the failure of the board to act after such election man-

---

Annotation.— (2) Mandamus proper remedy to compel Board of Education to
establish particular school at particular place, see 18 R. C. L. 245; 4 R. C. L. Supp.
1181.

damus will lie to compel the board to make effective the result of the election by the building of the schoolhouse on said site.

Opinion filed September 27, 1927.

Evidence, 22 C. J. § 70 p. 139 n. 46. Mandamus, 38 C. J. § 333 p. 732 n. 31. Schools and School Districts, 35 Cyc. p. 931 n. 79.

Appeal from the District Court of Richland County, North Dakota, *Wolfe, J.*

Affirmed.

*Forbes, Lounsberry, & Forbes,* for appellants.

A proper petition is necessary for the holding of a valid election, and whether, or not a valid petition was filed can be inquired into by the court even though the election has been held. Leach v. Renwald (Neb.) 63 N. W. 387; Barclay v. School Twp. (Iowa) 138 N. W. 395; State v. Tarstad (S. D.) 156 N. W. 75.

Courts may, with much caution, apply the doctrine of estoppel to municipal corporations or public officials, in exceptional cases, where upon all circumstances of the case, right and justice require it. Melin v. Community Consol. School Dist. (Ill.) 144 N. E. 13; Mountain View v. Farmers Teleph. Exch. Co. 224 S. W. 155.

"A collateral attack is an attack upon an election decision in an action where the committee making that decision is not a party." State v. Board of Election Comrs. 149 N. E. 69.

"Elections held without fulfilling the requirements of the law are void." Goree v. Cahill, 35 Okla. 42, Ann. Cas. 1914D, 549.

"Elections are void unless affirmatively authorized by law." State ex rel. Fish v. Howell, 59 Wash. 492.

*Lauder & Lauder* and *Purcell & Heder,* for respondent.

The determination of the board, except in cases of fraud, is conclusive and is not subject to review by the court. Alstad v. Sim, 15 N. D. 629.

The attack upon the sufficiency of the petition is a mere collateral attack and the court has no power or authority or jurisdiction to determine that the election was void because of the insufficiency of the petition. Sim v. Rosholt, 16 N. D. 77.

BURKE, J.   On February 21, 1926, a petition to call an election in the Wyndmere school district of Richland county. to determine the question of the location of a schoolhouse on the southwest quarter of section 3 in township 132 north of range 52 west, and to build a schoolhouse on such location.   The petition was filed and the board acting thereon called an election, which was held on the 12th day of March, 1926, and at such election the electors voted to locate and build a schoolhouse on said described land.   Thereafter, the said board neglecting and refusing to build a school at said location, this proceeding in mandamus was brought to compel action.   An order to show cause was duly issued, and on return day, the defendants appeared, and alleged as a defense, that the election was void, for the reason, that the petition to call the election was false, and insufficient, in this, that one petitioner resided less than two and one half miles from the school established and maintained in schoolhouse No. 2 said district.   A demurrer to the return and answer of the defendants was sustained, the writ issued, and defendants appeal.

It is not claimed that there was anything illegal in the election itself, or that there was anything to interfere with a free and intelligent casting of the vote, and the ascertainment of the result.   The contention is, that the law in relation to the petition is mandatory and jurisdictional, and that since one of the petitioners was disqualified, the whole proceedings are void.

The question involved in this case seems to be thoroughly settled in this state.   The case of State ex rel. Laird v. Hall, 49 N. D. 11, 186 N. W. 284, was a proceeding to restrain the state canvassing board from canvassing the returns of the recall election held October 28, 1921.   It was therein alleged that the petitions were signed by the same individuals twice or more times; that persons who were not electors or citizens had signed such petitions; that names had been copied upon such petitions in the handwriting of the same persons; that more than 5,000 persons signed their names twice; that more than 1,000 persons signed the same who were not citizens of the state, and more than 10,000 signed who did not vote for the office of governor; and each member of this court, writing separate and concurring opinions and following the case of State ex rel. Little v. Langlie, 5 N. D. 594, 32 L.R.A. 723, 64 N. W. 958, held, that where the secre-

tary of state has received and filed recall petitions and called a special election thereupon, and where an election has been held pursuant thereto, without any objection before the secretary of state and without any proceeding in any court prior to such election to review or control the acts of the secretary of state, it must be presumed that the secretary of state had performed his duty and exercised his discretion pursuant to the law, and that electors, seeking after such election to question the performance of his duty and discretion, have acquiesced in such presumption. This decision is supported by the great weight of authority as shown by the quotation from 9 R. C. L. 1173, quoted in the concurring opinion of Judge Christianson on page 288.

The judgment of the lower court is affirmed.

BIRDZELL, Ch. J., and BURR, NUESSLE, and CHRISTIANSON, JJ., concur.